UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

SOUTHERN TRUST INSURANCE )
COMPANY, )
 )
      Plaintiff, )
 )
v. ) NO.: 2:13-CV-96
 )
STELLA MORGAN, *ET AL.*, )
 )
      Defendants. )

MEMORANDUM OPINION AND ORDER

Plaintiff Southern Trust Insurance Company ("plaintiff" or "Southern Trust") filed a Motion for Summary Judgment, [Doc. 13], in this declaratory judgment action. Specifically, the plaintiff asks this Court to find that there is no genuine issue of fact for trial as to whether plaintiff owes a duty of indemnity from the uninsured motorist insurance coverage based upon the failure of Defendant Stella Morgan to comply with the conditions of the Tennessee Auto Policy based upon her material misrepresentation and to declare the policy void. Then, the plaintiff filed a Motion for Judgment on the Pleadings or in the Alternative Supplement to Plaintiff's Motion for Summary Judgment, [Doc. 33]. For the reasons that follow, the Court agrees with the plaintiff and grants the Motion for Summary Judgment, [Doc. 13], and Motion for Judgment on the Pleadings, [Doc. 33].

**I. FACTS**

The parties did not dispute the material facts.[1] They are as follows. Stella Morgan, a high school graduate who can read and write, owns and resides at her single family residence at 247 Cold Comfort Road, Church Hill, Tennessee. She had resided there since 2002. Her grandson, J.W. Lawson, was a resident of this home since 2006. His school documents and his learner's permit listed this address as his residence. On December 7, 2010, J.W. Lawson obtained a Class D Tennessee driver's license at the age of 17. On March 17, 2011, J.W. Lawson was involved in a motor vehicle accident involving property damage in Hawkins County, Tennessee. As a result of this accident he was charged with underage driving while impaired and leaving the scene of an accident. On March 22, 2011, Stella Morgan executed an Exclusion of Specific Driver form for Farm Bureau Insurance Companies as named insured of an automobile policy, excluding J.W. Lawson as an insured driver on the policy. On May 10, 2011, J.W. Lawson pled guilty to the charges. As a result, his driver's license was held in juvenile court with a provision to provide a restricted license.

---

[1] This Court notes that only Defendant Timothy G. Lawson responded to the Summary Judgment Motion, [Doc. 17]. This Court further notes the unique procedural history of this case. The action was filed on April 8, 2013. On May 15, 2013, George T. East entered appearances for Stella Morgan and Mary Morgan Brooks. On May 23, 2013, Thomas C. Jessee was the first attorney to enter an appearance for Timothy G. Lawson. Timothy G. Lawson filed his Answer, [Doc. 11], on June 20, 2013. Then Stella Morgan filed her Answer, [Doc. 12], on June 21, 2013. However, no Answer was filed on Mary Morgan Brooks' behalf at that time.

Plaintiff filed its Summary Judgment Motion on October 25, 2013. As stated above, only Timothy G. Lawson filed a Response. On May 1, 2014, the plaintiff filed a "Motion for Involuntary Dismissal, or in the Alternative, for Appropriate Sanctions Against Defendants J. W. Lawson, a minor, deceased, b/n/f Mary Morgan Brooks, Mary Morgan Brooks, Individually, J. W. Lawson, a minor, deceased, b/n/f Timothy G. Lawson, and Timothy G. Lawson, Individually," [Doc. 26], for failing to follow the Scheduling Order, [Doc. 22], for failing to file their Rule 26(a)(1) disclosures. The plaintiff asked for involuntary dismissal, default judgment or appropriate sanctions. The next day, Timothy G. Lawson filed a Response, [Doc. 28], stating that the other defendants were supposed to be included on Timothy G. Lawson's disclosures. In this Court's discretion, the Court finds the defendants' reasons acceptable. The plaintiff's motion is DENIED.

Then, on June 13, 2014, Defendant Mary Morgan Brooks filed her Answer, [Doc. 32]. In the Answer, she admits that J.W. Lawson resided with Stella Morgan and that Stella Morgan did not include him on her application for automobile insurance. As a result, the plaintiff filed the Motion for Judgment on the Pleadings or in the Alternative Supplement to Plaintiff's Motion for Summary Judgment, [Doc. 33]. Defendant Mary Morgan Brooks filed no Response.

In April 2011, Stella Morgan went to McMillan Insurance Agency,[2] and obtained an automobile insurance policy with Kentucky National Insurance. She received a notice of nonrenewal due to the company no longer writing policies in the area. On September 30, 2011, Stella Morgan went back to McMillan Insurance Agency and executed a Tennessee Personal Auto Policy Application for an automobile insurance policy with Southern Trust. Dolly Christian, an employee of McMillan Insurance Agency, assisted Stella Morgan in completing the application. It is McMillan Insurance Agency's policy to always ask about other household residents when assisting a customer with an application. Ms. Christian asked Stella Morgan whether any other persons resided in her household. Stella Morgan told Ms. Christian that her grandsons, Timothy and J.W. Lawson received their mail there but did not reside there. Ms. Christian did not include J.W. Lawson on the application but would have done so if she had been advised that he resided there. Thus, Stella Morgan did not list J.W. Lawson as a resident or driver on the Tennessee Personal Auto Policy Application in the section entitled "Resident and Driver Information [List all residents and dependents (licensed or not) and regular operators]." Stella Morgan knew that J.W. Morgan had a learner's permit and driver's license prior to executing the application on September 30, 2011. Stella Morgan did not state that J.W. Lawson was a member of her household because she thought he was covered under his mother's automobile insurance policy.

Southern Trust adheres to private passenger underwriting guidelines, which were approved by the Tennessee Commissioner of Commerce and Insurance prior to the date of Stella Morgan's application. Under these guidelines, J.W. Lawson would have created youthful driver exposure under the Tennessee Auto Policy issued by Southern Trust and represented an

---

[2] The McMillan Agency is an independent insurance agency that is authorized to issue insurance policies for a number of different insurance companies.

3

Case 2:13-cv-00096-JRG-DHI   Document 37   Filed 09/29/14   Page 3 of 10   PageID #: 237

increased risk of loss to Southern Trust. J.W. Lawson's status would have been flagged for further investigation which would have included a risk analysis. Part of that analysis would have included a review of MVR through the State of Tennessee, a Comprehensive Loss Underwriting Exchange ("CLUE") report through the State of Tennessee, and a young driver questionnaire prepared by the Accord Corporation. This questionnaire would have been filled out by Stella Morgan and used by Southern Trust to assess the increased risk of loss created by having a resident and dependent youthful driver in the household. None of this was done at this time because J.W. Lawson was not listed as a resident in the application.

Based on her application, Southern Trust issued a Tennessee Personal Auto Policy, which included uninsured motorist insurance coverage, from October 1, 2011, to October 1, 2012. On February 12, 2012, J.W. Lawson was a passenger in a motor vehicle that was involved in a single car accident. J.W. Lawson died as a result of this accident. After the accident, a claim was made to Southern Trust against the uninsured motorist insurance coverage provided in the Tennessee Auto Policy. On December 6, 2012, a civil action was filed in Hawkins County Circuit Court for the wrongful death of J.W. Lawson. The Summons and Complaint were served upon Southern Trust as the uninsured motorist insurance carrier.

Southern Trust filed this declaratory judgment action thereafter. After the filing of the instant action, Therese Ellis, a Senior Underwriter Specialist for Personal Lines for Southern Trust, performed an underwriting analysis concerning J.W. Lawson. It included obtaining the CLUE and MVR reports. She also obtained a report from Lexis/Nexis Risk Solutions, which is an accepted industry standard report for a historical motor vehicle driver record. The results of the reports revealed the March 17, 2011 motor vehicle accident and the resulting charges, convictions, and license restrictions. Southern Trust's private passenger underwriting guidelines

provide standards for determining who is an "eligible driver." It also states that a "youthful unmarried 16-24" "eligible driver" can have no incidents or violations as reported on CLUE or MVR reports as of the date of the Tennessee Personal Auto application. Thus, J.W. Lawson would not have been approved as an eligible driver because he would have represented an unacceptable increased risk of loss, and the application would have been denied. In addition, Southern Trust would have considered the Morgans' living arrangement to represent an increased risk of loss and would have disqualified Stella Morgan's application on that basis as well.

## II. STANDARD OF REVIEW

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McClain v. Ontario, Ltd.*, 244 F.3d 797, 800

5

(6th Cir. 2000). This Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If this Court concludes that a fair-minded jury could not return a verdict in favor of the non-moving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

The party opposing a Rule 56 motion may not simply rest on the mere allegations or denials contained in the party's pleadings. *Anderson*, 477 U.S. at 256. Instead, an opposing party must affirmatively present competent evidence sufficient to establish a genuine issue of material fact necessitating the trial of that issue. *Id.* Merely alleging that a factual dispute exists cannot defeat a properly supported motion for summary judgment. *Id.* A genuine issue for trial is not established by evidence that is "merely colorable," or by factual disputes that are irrelevant or unnecessary. *Id.* at 248-52.

### III. ANALYSIS

The plaintiff moves for summary judgment and argues that there is no genuine issue of material fact for trial. Plaintiff argues that it owes no duty of indemnity from the uninsured motorist insurance coverage based upon the failure of Defendant Stella Morgan to comply with the conditions of the Tennessee Auto Policy by not listing J.W. Lawson on the application. The plaintiff asserts that the policy is void based upon Stella Morgan's material misrepresentation. The plaintiff makes the same arguments in its Motion for Judgment on the Pleadings. The defendant argues that "the agent for the plaintiff was fully aware that the minor J.W. Lawson

6

resided in defendant Stella Morgan's household." [Doc. 17-1, 4]. The defendant further argues that because of this awareness, because of a duty to "to ask the important questions and accurately record the answers," and because "the agent for the plaintiff completed the application based upon questions that the agent asked defendant Stella Morgan, there is no reason that the plaintiff should be permitted to defeat recovery under the insurance policy." [Doc. 17-1, 4]. For the reasons that follow, both motions are GRANTED. In addition, Stella Morgan's failure to respond is also a failure to carry her burden in showing that there is a genuine issue of fact for trial.

Tennessee Code Annotated section 56-7-103 states:

> No written or oral misrepresentation or warranty made in the negotiations of a contract or policy of insurance, or in the application for contract or policy of insurance, by the insured or in the insured's behalf, shall be deemed material or defeat or void the policy or prevent its attaching, unless the misrepresentation or warranty is made with actual intent to deceive, or unless the matter represented increases the risk of loss.

*Id*. The statute authorizes an insurance company to deny a claim if the insured obtains the policy after misrepresenting a matter that increased the company's risk of loss. *Smith v. Tennessee Farms Life Reassurance Co.*, 210 S.W.3d 584, 589 (Tenn. Ct. App. 2006). The insurance company's risk of loss is increased if a misrepresentation in an application naturally and reasonably influences the judgment of the insurer in making the contract. *Id*. The misrepresentation need not involve a hazard that actually produced the loss in question. *Loyd v. Farmers Mut. Fire Ins. Co.*, 838 S.W.2d 542, 545 (Tenn. Ct. App. 1992).

First, this Court must address whether there is an issue of fact whether a misrepresentation was made. It is undisputed that Stella Morgan did not include J.W. Lawson on the application. The defendant claims a dispute of material fact exists concerning the reason

7

J.W. Lawson was not listed.  The plaintiff claims that Ms. Christian specifically asked whether Stella Morgan had any other person living at her residence.  She stated that Stella Morgan told her that her grandsons received their mail there but they did not reside there.  She further stated that had Stella Morgan mentioned anyone else residing there, then she would have included it on the application.[3]

In defendant's Response, defendant argues that the "agent for the plaintiff was fully aware that the minor J.W. Lawson resided in defendant Stella Morgan's household." [Doc. 17-1, pg. 4].  This Court assumes that "agent" was referring to Ms. Christian.  However, the defendant submitted no evidence to support this alleged fact.  In addition, the defendant claims that Stella Morgan answered the questions asked, and this information was what was included on the application.  The defendant refers the Court to her deposition.  The defendant failed to attach the deposition.  Nonetheless, the plaintiff had submitted the deposition in its filings.  The Court has reviewed the deposition.  The following exchange took place:

> Q    Do you have any understanding why J. Lawson was not listed in that section of the application?
>
> A    No, I don't.
>
> Q    Did you ever advise your agent that J. Lawson was a resident of your household before you signed the application on September 30, 2011?
>
> A    No.  At one point, his mother had insurance on – through McMillan's there, but I don't know if it was with the same company or not.  So she was on his insurance.
>
> Q    I see.  Before this accident happened on February 12, 2012 –
>
> A    Uh-huh.

---

[3] Ms. Christian's Affidavit sets forth these facts.  [Doc. 20-1].  It was submitted along with Plaintiff's Reply to Defendant's Response, [Doc. 20].  This Court notes that the defendants did not seek leave to file a sur-reply to these additional facts and no sur-reply was actually filed.

8

> Q -- had you ever advised anyone at McMillan's agency or Southern Trust Insurance Company that J. Lawson was a resident of your household?
>
> A To my knowledge, I don't guess I did. I don't – if they would have asked me, I would have told them, but evidently, they didn't ask me.

[Doc. 14-1, pgs. 10-11].

Thus, the defendant's only evidence establishes that Stella Morgan never told Ms. Christian J.W. Lawson resided with her. The only factual question is whether Ms. Christian asked the question of Stella Morgan. Stella Morgan's deposition testimony is equivocal. She states that "**if** they would have asked me, I would have told them, but **evidently**, they didn't ask me." This testimony is far from certain, especially, when she unequivocally states in answer to the previous question that she never told an agent J. Lawson resided there. This corroborates Ms. Christian's statements in her Affidavit, that she did ask, and she was told no one else resided there. Importantly, Defendant Stella Morgan herself has had ample opportunities to come forward and unequivocally declare that Ms. Christian never asked the question. She has failed to do so. This Court determines that Defendant Timothy G. Lawson cannot rely on this equivocal testimony to create an issue of fact. Moreover, whether Ms. Christian did or did not ask the question, Defendant Stella Morgan is ultimately responsible for the contents of her application.[4]

---

[4] This Court recognizes that defendant cited *Morrison v. Allen*, 338 S.W.3d 417, 429, (Tenn. 2011), for the proposition that "when an applicant applies for an insurance policy and the agent undertakes to fill out the application on his or her behalf, the applicant should be able to trust that the agent will ask the important questions and accurately record the answers to them so that the policy cannot later be successfully contested based on inaccuracies." *Id*. This is a correct statement of the law. However, that case involved a direct action against the insurance agent for negligence and for failure to procure a life insurance policy which could not be contested by the insurer. It also states, "[T]he failure to read does not insulate agents from a suit based upon the procurement of a contestable policy. The determination of whether the failure to read bars recovery is, as indicated, a fact-intensive inquiry." *Id*. *Morrison*'s facts are distinguishable. In that case, the parties never discussed the policy's questions in person or on the phone. The application was sent in the mail already filled out with places for the insured to sign. That is not the case here. In addition, the Court agrees with plaintiff's explanation of other distinctions mentioned in its Reply, [Doc. 20, pgs. 5-7]. See *Smith*, 210 S.W.3d at 591, and *Giles v. Allstate Ins. Co.*, 871 S.W.2d 154 (Tenn.

9

Thus, based on the current record, this Court concludes that there is no genuine issue of material fact as to whether Stella Morgan made a misrepresentation.

Second, this Court must determine whether there is an issue of fact that the insurance company's risk of loss was increased by the misrepresentation. This Court notes that the defendant never addresses this issue in his Response. Moreover, it is undisputed that Southern Trust failed to list J.W. Lawson on the application. He actually resided there at the time of the application, and he had been involved in a previous vehicle accident which resulted in property damages, convictions, and restricted license. The undisputed facts establish that had Stella Morgan included J.W. Lawson as a resident in her household, these facts would have come to Southern Trust's attention in determining whether to issue the policy. Finally, it is undisputed that Southern Trust would not have approved the application based on these facts. Thus, the misrepresentation represented an increase in the risk of loss to the insurer, and the policy is void pursuant to Tennessee Code Annotated section 56-7-103. *See Consumers Insurance USA v. Smith*, No. E2000-00724-COA-R3-CV, 2002 WL 31863300 (Tenn. Ct. app. Dec. 23, 2002) (reaching the same conclusion on similar facts).

**IV. CONCLUSION**

For the reasons stated above, the Motion for Summary Judgment, [Doc. 13], and the Motion for Judgment on the Pleadings, [Doc. 33], are GRANTED.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

---

Ct. App. 1993), for the principle that a failure to read an insurance application does not insulate the applicant from error or omissions; the signature is binding as to the representations.